IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA HICKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:16-cv-01357-NCC |
| | ) | |
| GEORGE LOMBARDI, et al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

## DEFENDANT ELIZABETH ATTERBERRY, M.D.'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant, Elizabeth Atterberry, M.D., by and through undersigned counsel, and for her Answer to Plaintiff's Complaint (Doc. 19), states as follows:

### PRELIMINARY STATEMENT

1.      This Defendant admits that Plaintiff is a thirty-seven year old transgender woman in the custody of the MDOC and housed at PCC, but as the remaining allegations set forth in Paragraph 1 of Plaintiff's Complaint are too overbroad and generalized to admit or deny as statements of fact, Defendant denies same.

2.      The allegations set forth in Paragraph 2 of Plaintiff's Complaint are too overbroad and generalized to admit or deny as statements of fact, and therefore Defendant denies same.

3.      This Defendant admits that Plaintiff sought to change her name, but is without sufficient knowledge and information to admit or deny the remaining allegations and footnote set forth in Paragraph 3 of Plaintiff's Complaint, and therefore denies same.

4.      This Defendant denies the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

3587.53

5.     The allegations of Paragraph 5 of Plaintiff's Complaint regarding "standard of care" call for a legal conclusion and any such "standards" are only applicable on a case-by-case basis and not as blanket applications.  Given the general allegations of Paragraph 5 of Plaintiff's Complaint, this Defendant is unable to admit same, so as a matter of form Defendant denies said allegations.

6.     This Defendant admits that hormone therapy has been provided and is currently being provided to transgender inmates in MDOC, but deny the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint as they are too overbroad and generalized.  Further, the "medically necessary treatment" standard referred to is applicable on a case-by-case basis and not as blanket applications.

7.     The allegations of Paragraph 7 of Plaintiff's Complaint regarding "medically necessary treatment" call for a legal conclusion and any such standards are only applicable on a case-by-case basis and not as blanket applications.  Given the general allegations of said Paragraph 7 of Plaintiff's Complaint, this Defendant is unable to admit same, so as a matter of form Defendant denies said allegations.

8.     This Defendant admits that Plaintiff has gender dysphoria, but denies the remaining allegations as set forth in Paragraph 8 of Plaintiff's Complaint.

9.     The allegations of Paragraph 9 of Plaintiff's Complaint are too overbroad and generalized to admit or deny as statements of fact, and therefore Defendant denies same.

10.     This Defendant denies the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11.     This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 11 of Plaintiff's Complaint and therefore denies same.

12.     This Defendant admits that Plaintiff brings an action pursuant to 42 U.S.C. §1983, but denies the remaining allegations set forth in Paragraph 12 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

13.     This Defendant admits that Plaintiff is bringing this action seeking preliminary and permanent injunctive relief and declaratory relief pursuant to 42 U.S.C. §§1983 and 1988 as set forth in Paragraph 13 of Plaintiff's Complaint, but denies that she is entitled to any such relief.

14.     This Defendant admits the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15.     This Defendant admits the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16.     This Defendant admits the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

## PARTIES

17.     This Defendant admits the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18.     The allegations set forth in Paragraph 18 of Plaintiff's Complaint are not directed to this Defendant and therefore this Defendant makes no response thereto.  However, in the event said allegations are construed as being directed against this Defendant, then this Defendant hereby denies same.

19.     The allegations set forth in Paragraph 19 of Plaintiff's Complaint are not directed to this Defendant and therefore this Defendant makes no response thereto.  However, in the event

3587.53

said allegations are construed as being directed against this Defendant, then this Defendant hereby denies same.

20.     The allegations set forth in Paragraph 20 of Plaintiff's Complaint are not directed to this Defendant and therefore this Defendant makes no response thereto.  However, in the event said allegations are construed as being directed against this Defendant, then this Defendant hereby denies same.

21.     The allegations set forth in Paragraph 21 of Plaintiff's Complaint are not directed to this Defendant and therefore this Defendant makes no response thereto.  However, in the event said allegations are construed as being directed against this Defendant, then this Defendant hereby denies same.

22.     The allegations set forth in Paragraph 22 of Plaintiff's Complaint are not directed to this Defendant and therefore this Defendant makes no response thereto.  However, in the event said allegations are construed as being directed against this Defendant, then this Defendant hereby denies same.

23.     The allegations set forth in Paragraph 23 of Plaintiff's Complaint are not directed to this Defendant and therefore this Defendant makes no response thereto.  However, in the event said allegations are construed as being directed against this Defendant, then this Defendant hereby denies same.

24.     The allegations set forth in Paragraph 24 of Plaintiff's Complaint are not directed to this Defendant and therefore this Defendant makes no response thereto.  However, in the event said allegations are construed as being directed against this Defendant, then this Defendant hereby denies same.

3587.53

25.     This Defendant denies that Corizon Health, Inc. is a medical provider for MDOC, but admits that Corizon, LLC is and was at all relevant times the contracted medical provider for MDOC operating through its employees and agents, but states that the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint are too overbroad and generalized to admit or deny as statements of fact, and therefore this Defendant denies same.

26.     This Defendant admits that Defendant William McKinney, M.D. is an employee of Corizon, LLC, but states that the remaining allegations of Paragraph 26 of Plaintiff's Complaint are too overbroad and generalized to admit or deny as statements of fact, and therefore this Defendant denies same.

27.     This Defendant admits that Defendant Glen Babich, M.D. is an employee of Corizon, LLC, but states that the remaining allegations of Paragraph 27 of Plaintiff's Complaint are too overbroad and generalized to admit or deny as statements of fact, and therefore this Defendant denies same.

28.     This Defendant admits that Defendant T. K. Bredeman, D.O. is an employee of Corizon, LLC, but states that the remaining allegations of Paragraph 28 of Plaintiff's Complaint are too overbroad and generalized to admit or deny as statements of fact, and therefore this Defendant denies same.

29.     This Defendant admits that Defendant Diana Larkin is an employee of Corizon, LLC, but states that the remaining allegations of Paragraph 29 of Plaintiff's Complaint are too overbroad and generalized to admit or deny as statements of fact, and therefore this Defendant denies same.

30.     This Defendant admits that Defendant Kimberley Randolph is an employee of Corizon, LLC, but states that the remaining allegations of Paragraph 30 of Plaintiff's Complaint

are too overbroad and generalized to admit or deny as statements of fact, and therefore this Defendant denies same.

31.    This Defendant admits that Defendant Dawn Wade is an employee of Corizon, LLC, but states that the remaining allegations of Paragraph 31 of Plaintiff's Complaint are too overbroad and generalized to admit or deny as statements of fact, and therefore this Defendant denies same.

32.    This Defendant admits that Defendant Stormi Moeller is an employee of Corizon, LLC, but states that the remaining allegations of Paragraph 32 of Plaintiff's Complaint are too overbroad and generalized to admit or deny as statements of fact, and therefore this Defendant denies same.

33.    This Defendant admits that Defendant Shirley Eyman, M.D. is an employee of Corizon, LLC, but states that the remaining allegations of Paragraph 33 of Plaintiff's Complaint are too overbroad and generalized to admit or deny as statements of fact, and therefore this Defendant denies same.

34.    This Defendant admits that she is an employee of Corizon, LLC, but states that the remaining allegations of Paragraph 34 of Plaintiff's Complaint are too overbroad and generalized to admit or deny as statements of fact, and therefore this Defendant denies same.

35.    This Defendant admits that Defendant Kim Foster is an employee of Corizon, LLC, but states that the remaining allegations of Paragraph 35 of Plaintiff's Complaint are too overbroad and generalized to admit or deny as statements of fact, and therefore this Defendant denies same.

## FACTS

36.     Disregarding the lack of allegations against this Defendant contained in Paragraph 36 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 36 of Plaintiff's Complaint, and therefore denies same.

37.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 37 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 37 of Plaintiff's Complaint, and therefore denies same.

38.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 38 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 38 of Plaintiff's Complaint, and therefore denies same.

39.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 39 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations regarding any purported "general consensus" as alleged in Paragraph 39 of Plaintiff's Complaint, and therefore denies same.

40.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 40 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 40 of Plaintiff's Complaint, and therefore denies same.

41.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 41 of Plaintiff's Complaint, this Defendant has insufficient knowledge and

information to admit or deny the overbroad allegations of Paragraph 41 of Plaintiff's Complaint, and therefore denies same.

42.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 42 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations, and all subparts thereunder, of Paragraph 42 of Plaintiff's Complaint, and therefore denies same.

43.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 43 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 43 of Plaintiff's Complaint, and therefore denies same.

44.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 44 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 44 of Plaintiff's Complaint, and therefore denies same.

45.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 45 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 45 of Plaintiff's Complaint, and therefore denies same.

46.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 46 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 46 of Plaintiff's Complaint, and therefore denies same.

47.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 47 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 47 of Plaintiff's Complaint, and therefore denies same.  Further, the allegations of Paragraph 47 of Plaintiff's Complaint regarding "standard of care" call for a legal conclusion and any such "standards" are only applicable on a case-by-case basis and not as blanket applications. Given the general allegations of said Paragraph 47 of Plaintiff's Complaint, this Defendant is unable to admit same, so as a matter of form Defendant denies said allegations.

48.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 48 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 48 of Plaintiff's Complaint, and therefore denies same.  The allegations, and all subparts thereunder, of Paragraph 48 of Plaintiff's Complaint regarding "standard of care" call for a legal conclusion and any such "standards" are only applicable on a case-by-case basis and not as blanket applications.  Given the general allegations of said Paragraph 48 of Plaintiff's Complaint, this Defendant is unable to admit same, so as a matter of form Defendant denies said allegations.

49.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 49 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 49 of Plaintiff's Complaint, and therefore denies same.  The allegations of Paragraph 49 of Plaintiff's Complaint regarding "standard of care" call for a legal conclusion and any such "standards" are only applicable on a case-by-case basis and not as blanket applications.  Given the general allegations of said

Paragraph 49 of Plaintiff's Complaint, this Defendant is unable to admit same, so as a matter of form Defendant denies said allegations.

50.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 50 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 50 of Plaintiff's Complaint, and therefore denies same.  The allegations of Paragraph 50 of Plaintiff's Complaint regarding "standard of care" call for a legal conclusion and any such "standards" are only applicable on a case-by-case basis and not as blanket applications.  Given the general allegations of said Paragraph 50 of Plaintiff's Complaint, this Defendant is unable to admit same, so as a matter of form Defendant denies said allegations.

51.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 51 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 51 of Plaintiff's Complaint, and therefore denies same.  The allegations of Paragraph 51 of Plaintiff's Complaint regarding "standard of care" call for a legal conclusion and any such "standards" are only applicable on a case-by-case basis and not as blanket applications.  Given the general allegations of said Paragraph 51 of Plaintiff's Complaint, this Defendant is unable to admit same, so as a matter of form Defendant denies said allegations.

52.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 52 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 52 of Plaintiff's Complaint, and therefore denies same.  The allegations of Paragraph 52 of Plaintiff's Complaint regarding "standard of care" call for a legal conclusion and any such "standards" are only applicable on a

case-by-case basis and not as blanket applications.  Given the general allegations of said Paragraph 52 of Plaintiff's Complaint, this Defendant is unable to admit same, so as a matter of form Defendant denies said allegations.

53.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 53 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 53 of Plaintiff's Complaint, and therefore denies same.  Disregarding the lack of allegations against this Defendant contained in Paragraph 53 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 53 of Plaintiff's Complaint, and therefore denies same.

54.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 54 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 54 of Plaintiff's Complaint, and therefore denies same.  The allegations of Paragraph 54 of Plaintiff's Complaint regarding "standard of care" call for a legal conclusion and any such "standards" are only applicable on a case-by-case basis and not as blanket applications.  Given the general allegations of said Paragraph 54 of Plaintiff's Complaint, this Defendant is unable to admit same, so as a matter of form Defendant denies said allegations.

55.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 55 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 55 of Plaintiff's Complaint, and therefore denies same.  The allegations of Paragraph 55 of Plaintiff's Complaint regarding "standard of care" call for a legal conclusion and any such "standards" are only applicable on a

case-by-case basis and not as blanket applications.  Given the general allegations of said Paragraph 55 of Plaintiff's Complaint, this Defendant is unable to admit same, so as a matter of form Defendant denies said allegations.

56.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 56 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 56 of Plaintiff's Complaint, and therefore denies same.  Disregarding the lack of allegations against this Defendant contained in Paragraph 56 of Plaintiff's Complaint, the allegations of Paragraph 56 of Plaintiff's Complaint regarding "standard of care" call for a legal conclusion and any such "standards" are only applicable on a case-by-case basis and not as blanket applications.  Given the general allegations of said Paragraph 56 of Plaintiff's Complaint, this Defendant is unable to admit same, so as a matter of form Defendant denies said allegations.

57.     This Defendant has insufficient information to admit or deny the allegations of Paragraph 57 of Plaintiff's Complaint and is therefore unable to admit said allegations, so as a matter of form Defendant denies same.

58.     This Defendant admits that its mental health providers follow the standards of care applicable on a case-by-case basis but otherwise denies the remaining allegations set forth in Paragraph 58 of Plaintiff's Complaint.

59.     This Defendant denies the allegations set forth in Paragraph 59 of Plaintiff's Complaint.

60.     This Defendant admits the allegations set forth in Paragraph 60 of Plaintiff's Complaint.

61.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 61 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 61 of Plaintiff's Complaint, and therefore denies same.

62.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 62 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 62 of Plaintiff's Complaint, and therefore denies same.

63.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 63 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 63 of Plaintiff's Complaint, and therefore denies same.

64.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 64 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 64 of Plaintiff's Complaint, and therefore denies same.

65.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 65 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 65 of Plaintiff's Complaint, and therefore denies same.

66.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 66 of Plaintiff's Complaint, this Defendant has insufficient knowledge and

information to admit or deny the overbroad allegations of Paragraph 66 of Plaintiff's Complaint, and therefore denies same.

67.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 67 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 67 of Plaintiff's Complaint, and therefore denies same.

68.     The allegations of Paragraph 68 of Plaintiff's Complaint regarding "standard of care" call for a legal conclusion and any such "standards" are only applicable on a case-by-case basis and not as blanket applications.  Given the general allegations of said Paragraph 68 of Plaintiff's Complaint, this Defendant is unable to admit same, so as a matter of form Defendant denies said allegations.

69.     Disregarding the lack of specific allegations against this Defendant contained in Paragraph 69 of Plaintiff's Complaint, this Defendant has insufficient knowledge and information to admit or deny the overbroad allegations of Paragraph 69 of Plaintiff's Complaint, and therefore denies same.

70.     This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 70 of Plaintiff's Complaint and therefore denies same.

71.     This Defendant admits that Dr. Throop assessed Plaintiff on March 23, 2015, but is without sufficient knowledge and information to admit or deny the remaining allegations set forth in Paragraph 71 of Plaintiff's Complaint and therefore denies same.

72.     This Defendant admits that Plaintiff was diagnosed with gender dysphoria but is without sufficient knowledge and information to admit or deny the remaining allegations set forth in Paragraph 72 of Plaintiff's Complaint and therefore denies same.

3587.53

73.     This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 73 of Plaintiff's Complaint and therefore denies same.

74.     This Defendant admits the allegations set forth in Paragraph 74 of Plaintiff's Complaint.

75.     This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 75 of Plaintiff's Complaint and therefore denies same.

76.     This Defendant admits that on April 22, 2015, Plaintiff had a consultation with Defendant McKinney and that the note from that visit speaks for itself, but otherwise denies the remaining allegations set forth in Paragraph 76 of Plaintiff's Complaint.

77.     This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 77 of Plaintiff's Complaint and therefore denies same.

78.     This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 78 of Plaintiff's Complaint and therefore denies same.

79.     This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 79 of Plaintiff's Complaint and therefore denies same.

80.     This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 80 of Plaintiff's Complaint and therefore denies same.

81.     This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 81 of Plaintiff's Complaint and therefore denies same.

82.     This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 82 of Plaintiff's Complaint and therefore denies same.

83.     This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 83 of Plaintiff's Complaint and therefore denies same.

84.     This Defendant admits that Defendant Larkin signed a denial letter on April 27, 2015 and that the record speaks for itself, but otherwise denies the remaining allegations set forth in Paragraph 84 of Plaintiff's Complaint.

85.     This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 85 of Plaintiff's Complaint and therefore denies same.

86.     This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 86 of Plaintiff's Complaint and therefore denies same.

87.     This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 87 of Plaintiff's Complaint and therefore denies same.

88.     This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 88 of Plaintiff's Complaint and therefore denies same.

89.     This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 89 of Plaintiff's Complaint and therefore denies same.

90.     This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 90 of Plaintiff's Complaint and therefore denies same.

91.     This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 91 of Plaintiff's Complaint and therefore denies same.

92.     This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 92 of Plaintiff's Complaint and therefore denies same.

93.     This Defendant admits that Defendant Wade signed a denial letter on July 20, 2015 and that the record speaks for itself, but otherwise denies the remaining allegations set forth in Paragraph 84 of Plaintiff's Complaint.

94.     This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 94 of Plaintiff's Complaint and therefore denies same.

95.     This Defendant admits that on August 26, 2015, Plaintiff met with Dr. Throop, but is without sufficient knowledge and information to admit or deny the remaining allegations set forth in Paragraph 95 of Plaintiff's Complaint and therefore denies same.

96.     This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 96 of Plaintiff's Complaint and therefore denies same.

97.     This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 97 of Plaintiff's Complaint and therefore denies same.

98.     This Defendant admits that on September 2, 2015, Plaintiff wrote letters to one or more of the defendants, but is without sufficient knowledge and information to admit or deny the remaining allegations set forth in Paragraph 98 of Plaintiff's Complaint and therefore denies same.

99.     This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 99 of Plaintiff's Complaint and therefore denies same.

100.    This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 100 of Plaintiff's Complaint and therefore denies same.

101.    This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 101 of Plaintiff's Complaint and therefore denies same.

102.    This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 102 of Plaintiff's Complaint regarding when or what Plaintiff wrote to Defendant Larkin, and in addition, references to standards are too vague and overbroad to admit or deny, and therefore denies same.

103.     This Defendant denies the allegations set forth in Paragraph 103 of Plaintiff's Complaint.

104.     This Defendant denies the allegations set forth in Paragraph 104 of Plaintiff's Complaint.

105.     This Defendant denies the allegations set forth in Paragraph 105 of Plaintiff's Complaint and further states that references to Standard of Care are vague and overbroad and, therefore, cannot apply "Standard of Care" to same.

106.     The allegations of Paragraph 106 of Plaintiff's Complaint are too overbroad and generalized to admit or deny as statements of fact, and therefore Defendant denies same.

107.     This Defendant admits the allegations set forth in Paragraph 107 of Plaintiff's Complaint.

108.     This Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 108 of Plaintiff's Complaint but note that medical records speak for themselves, but otherwise denies same.

109.     This Defendant admits that Dr. Stephens diagnosed Plaintiff with gender dysphoria, but denies the remaining allegations as set forth in Paragraph 109 of Plaintiff's Complaint.

110.     The allegations of Paragraph 110 of Plaintiff's Complaint are too overbroad and generalized to admit or deny, and that the medical records of Dr. Stephens speak for themselves, but this Defendant denies the allegations in Paragraph 110 of Plaintiff's Complaint as a matter of form.

111.     This Defendant denies the allegations set forth in Paragraph 111 of Plaintiff's Complaint.

3587.53

112.    The allegations of Paragraph 112 of Plaintiff's Complaint regarding "standard of care" call for a legal conclusion and any such "standards" are only applicable on a case-by-case basis and not as blanket applications.  Defendant is without sufficient knowledge and information to admit or deny that Plaintiff can be "medically treated," or that any medical treatment per se are required by any applicable "standard of care."  Given the general allegations of said Paragraph 112 of Plaintiff's Complaint, this Defendant is unable to admit same, so as a matter of form Defendant denies said allegations.

## CLAIM FOR RELIEF

## COUNT I

113.    In response to Paragraph 113, this Defendant hereby incorporates by reference her answers to Paragraphs 1-112 of Plaintiff's Complaint.

114.    This Defendant admits that Plaintiff currently has gender dysphoria, but lacks sufficient knowledge and information to admit or deny whether that condition jeopardizes Plaintiff's health and as to the remaining allegations set forth in Paragraph 114 of Plaintiff's Complaint, and that generalized statements cannot be admitted or denied, and therefore denies same in form.

115.    The allegations of Paragraph 115 of Plaintiff's Complaint regarding "standard of care" call for a legal conclusion and any such "standards" are only applicable on a case-by-case basis and not as blanket applications.  Given the general allegations of said Paragraph 115 of Plaintiff's Complaint, this Defendant is unable to admit same, so as a matter of form Defendant denies said allegations.

116.    This Defendant denies the allegations set forth in Paragraph 116 of Plaintiff's Complaint.

3587.53

117.    This Defendant denies the allegations set forth in Paragraph 117 of Plaintiff's Complaint.

118.    This Defendant denies the allegations set forth in Paragraph 118 of Plaintiff's Complaint.

119.    This Defendant denies the allegations set forth in Paragraph 119 of Plaintiff's Complaint.

120.    This Defendant denies the allegations set forth in Paragraph 120 of Plaintiff's Complaint.

121.    This Defendant denies the allegations set forth in Paragraph 121 of Plaintiff's Complaint.

## <u>AFFIRMATIVE DEFENSES</u>

COMES NOW Defendant, Elizabeth Atterberry, M.D., by and through undersigned counsel, and for her Affirmative Defenses to Plaintiff's Complaint, states as follows:

1.    Plaintiff's Complaint fails to plead an action upon which relief may be granted.

2.    This Defendant reserves the right to introduce evidence on any other defense that may become appropriate through discovery or independent investigation.

3.    Plaintiff's Complaint fails to set forth special damages with certainty.

4.    Plaintiff's demands for injunctive relief are without merit because: there is an adequate remedy at law other than injunctive relief; no true irreparable harm exists; there is no likelihood that Plaintiff will succeed on the merits at trial; no hardship will exist without injunctive relief; and the granting of injunctive relief would have an adverse effect on public interest.

3587.53

5.     This Defendant demands a trial by jury.

WHEREFORE, having fully answered Plaintiff's Complaint, this Defendant prays for

this Honorable Court to dismiss Plaintiff's Complaint at Plaintiff's cost.


Respectfully submitted,

*/s/ J. Thaddeus Eckenrode*
J. Thaddeus Eckenrode MoBar #31080
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Rd., Ste. 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
*Attorney for Defendants Corizon, LLC, William*
*McKinney, M.D., Glen Babich, M.D., Thomas*
*Bredeman, D.O., Diana Larkin, Kimberley*
*Randolph, Dawn Wade, Stormi Moeller, Shirley*
*Eyman, M.D., Elizabeth Atterberry, M.D., and Kim*
*Foster*

3587.53

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via this court's electronic filing system and electronic mail on this 29th day of September, 2016 to the following:

**Kevin L. Schriener**
Law & Schriener, LLC
141 N. Meramec Avenue, Suite 314
St. Louis, MO 63105
kschriener@schrienerlaw.com

**Kyle Palazzlo**
Lambda Legal Defense and Education Fund, Inc.
105 W. Adams
Suite 2600
Chicago, IL 60603
kpalazzolo@lambdalegal.org

**Demoya Gordon**
**Richard Saenz**
Lambda Legal Defense and Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY 10005
dgordon@lambdalegal.org
rsaenz@lambdalegal.org

*Attorneys for Plaintiff Jessica Hicklin*

**Henry F. Luepke**
Assistant Attorney General
Missouri Attorney General's Office
P.O. Box 861
St. Louis, MO 63188
*Attorney for Defendants George Lombardi, Dwayne Kempker, Ian Wallace, Cindy Griffith, Stan Payne, Scott O'Kelly, and Deloise Williams.*

*/s/ Megan Perney*

3587.53